CT Corporation

**Service of Process Transmittal**
04/03/2009
CT Log Number 514674115

TO: Michael Bahner
Resurgent Capital Services L.P.
15 South Main Street, Suite 600
Greenville, SC 29601-

RE: **Process Served in South Carolina**

FOR: Resurgent Capital Services L.P. (Domestic State: DE)

APR 0 8 2009

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Peter Mitchell Revis, Pltf. vs. Resurgent Capital Services, LP and Capital Management Services, LP, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons and Notice, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Laurens County Court of Common Pleas, SC Case # 2009-CP-30-441 |
| **NATURE OF ACTION:** | Seeking the lesser of $25,000 or one half of the amount secured by Defendants' judgment for alleged failure to remove judgments from public record together with failure to enter satisfaction of Mortgage Judgments |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Greenville, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/03/2009 postmarked on 04/02/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | John R. Ferguson, Esquire Cox & Ferguson 107 E. Laurens St. P.O. Box 286 Laurens, SC 29360-0286 864 984-2126 |
| **REMARKS:** | Cover letter directs documents to Resurgent Capital Services, LP |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790660474105 Email Notification, Carol Moore ctservice@resurgent.com Email Notification, Wayne Fanebust Wfanebust@resurgent.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 75 Beattie Place Greenville, SC 29602 |
| **TELEPHONE:** | 864-240-3302 |

LEGAL DEPARTMENT
Received:

APR 0 9 2008

ID: 175 738 518
Rep: _____

Page 1 of 1 / LD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## COX & FERGUSON

ATTORNEYS AT LAW
P.O. Box 286
LAURENS, SOUTH CAROLINA 29360-0286

W. REID COX, JR.
JOHN R. FERGUSON

ALLEN M. WHAM

PHONE: (864) 984-2126
FAX: (864) 984-7372
E-MAIL: jferg@backroads.net

April 2, 2009

C.T. Corporation System
75 Beattie Place
Greenville, SC  29601

      Re:    Peter Mitchell Revis v. Resurgent Capital Services, LP, et al.
      2009-CP-30-441

Gentlemen:

      The Enclosed Summons and Notice and Complaint with attached exhibits is hereby served on you as Registered Agent for Resurgent Capital Services, LP.

Sincerely,

John R. Ferguson

JRF/wp
Encl.
CC: Mitchell Revis

STATE OF SOUTH CAROLINA    )
                           )                    IN THE COURT OF COMMON PLEAS
COUNTY OF LAURENS          )

Peter Mitchell Revis,                )
                                     )
                   Plaintiff         )
                                     )
          vs.                        )
                                     )            SUMMONS AND NOTICE
                                     )
Resurgent Capital Services, LP and   )           2009-CP-30-_4441_
Capital Management Services, LP,     )
                                     )
                   Defendants        )

TO THE DEFENDANT(S) ABOVE-NAMED:

     YOU ARE HEREBY SUMMONED and required to answer the Complaint in
this action, a copy of which is herewith served upon you, and to serve
a copy of your Answer to the said Complaint on the Plaintiff(s) or the
undersigned attorney at his offices within thirty (30) days after the
service hereof, exclusive of the day of such service; and if you fail
to answer the Complaint within the time aforesaid, the Plaintiff(s)
in this action will apply to the Court for the relief demanded in the
Complaint by way of default judgement.

                              _____
                              **JOHN R. FERGUSON**
                              Attorney for the Plaintiff
                              S.C. Bar No. 1987
                              107 E. Laurens St. - PO Box 286
                              Laurens, S. C. 29360-0286
                              Phone:(864) 984-2126

April __1__, 2009

STATE OF SOUTH CAROLINA    )
                           )              IN THE COURT OF COMMON PLEAS
COUNTY OF LAURENS          )
                           )

Peter Mitchell Revis,                2009 APR -1  P 12:46
                           )
                 Plaintiff )
                           )
         vs.               )                COMPLAINT
                           )
Resurgent Capital Services, LP and )    2009-CP-30-___4441
Capital Management Services, LP,   )
                           )
                 Defendants )

The Plaintiff would show:

1.  The Plaintiff is a resident of Laurens County.

2.  This case concerns wrongs committed by the Defendants in Laurens County and an agreement entered into in Laurens County.

3.  The Defendants own property and do business in Laurens County, South Carolina.

4.  Defendant Capital Management Services, LP assisted Defendant Resurgent Capital Services, LP in dealing with Plaintiff, and Capital Management shared in the consideration paid by Plaintiff as set forth below.

5.  Defendant Resurgent Capital is the successor in interest to a mortgage entered into in Horry County by Plaintiff and Steven Wright with Wachovia Bank.

6.  This mortgage went into default, and collection action was instituted by the mortgagee in Horry County in 2002.

7.  As a result of this action, Defendants and their predecessor in title obtained a judgment in Horry County and then filed duplicative Transcripts of Judgment in Laurens County as follows:

a) a judgment for $ 13,303.56 filed on June 13, 2003 (Exhibit A);

b) a judgment for $ 13,303.56 filed on June 16, 2003 (Exhibit B); and

c) a judgment for $ 25,465.22 filed on May 19, 2006 (Exhibit C).

8.    The only judgment which Defendants and their predecessor had against Plaintiff was the 2003 Horry County judgment, and Defendants were not entitled to record three judgments in Laurens County arising from their one Horry County judgment.

9.    On September 3, 2007, Defendant Capital Management Services on behalf of itself and Defendant Resurgent Capital Services, proposed a settlement agreement for all liens as set forth in the attached document labeled Exhibit D, which is a true copy of the Defendants' settlement offer.

10.    Plaintiff accepted the Defendants' settlement offer and paid Defendants the required consideration.

11.    Despite the Plaintiff's paying the Defendants $ 2000 to settle the matter, the Defendants demanded two additional $ 2000 payments before sending him a receipt, the attached document labeled Exhibit E, which is a true copy of the Defendants' admission that Plaintiff had fulfilled the terms of the settlement.

12.    Despite numerous demands, the Defendants have refused to remove their judgments against Plaintiff from the judgment rolls of Laurens and Horry Counties, and the Plaintiff has thereby suffered injury.

FOR A FIRST CAUSE OF ACTION (Fraud)

13.    The preceding allegations are incorporated herein by reference.

14. The Defendants represented to Plaintiff that for the sum of $ 2000 they would settle all aspects of their judgments against him.

15. Defendants' representation was material and made with the intention that the Plaintiff rely upon it.

16. The Plaintiff was ignorant of the falsity of Defendants' representation and rightfully relied upon it.

17. The representation was knowingly false or made with a reckless disregard for its truth or falsity.

18. The Plaintiff was consequently injured by the Defendants' fraud because he has lost $ 6000 and his credit has been and is severely damaged.

FOR A SECOND CAUSE OF ACTION
(Fair Debt Collection Practices Act Violations)

19. The preceding allegations are incorporated herein by reference.

20. The Defendants are regularly engaged in the business of debt collection.

21. The Defendants' approaches to Plaintiff concerning the settlement of their claim was in the course of a debt collection.

22. The Defendants' misrepresentations constituted

    (a) the use of false, deceptive or misleading means to collect a debt;

    (b) a false representation of the character, amount or legal status of a debt;

    (c) a communication to the Plaintiff of information which they knew or should have known to be false; and

    (d) the use of a false representation as a means to collect a debt.

costs associated with this action, including the fee of his counsel.

### FOR A THIRD CAUSE OF ACTION
#### (Violation of Unfair Trade Practices Act)

23. The preceding allegations are incorporated herein by reference.

24. The false representations of the Defendants and their refusal to remove from the judgment rolls their judgments against Plaintiff after he fulfilled his part of the parties' settlement agreement constitutes an unfair or deceptive trade practice.

25. The wrongdoing of the Defendants affects the public in that they have falsified the judgment rolls of two counties by filing multiple judgments for the same debt and by refusing to correct the records in accordance with the parties' settlement agreement.

26. As a proximate result of the Defendants' willful or knowing violation of the S.C. Unfair Trade Practices Act, the Plaintiff has suffered injury and is entitled to treble damages and the costs of this action, including his counsel's fees, and a mandatory injunction requiring the Defendants to remove the judgments they have against him from the public records.

### FOR A FOURTH CAUSE OF ACTION (Breach of Contract)

27. The preceding allegations are incorporated herein by reference.

28. The Plaintiff and the Defendants entered into an agreement for the release of the liens against him arising from Defendants' judgment.

29.    The Plaintiff fulfilled his obligations under the parties' agreement when the Defendants accepted his consideration.

30.    The Defendants breached the parties' settlement agreement by not removing the judgments against Plaintiff.

31.    Because of Defendants' judgments against him, Plaintiff has been unable to assist his wife in refinancing their home, and they are unable to obtain a favorable interest rate for refinancing their mortgage.

32.    The Plaintiff has been injured by Defendants' breach of the parties' contract, and he is entitled to appropriate relief, including actual damages, consequential damages and a mandatory injunction to clear the public records and credit records of the liens against him.



FOR A FIFTH CAUSE OF ACTION
(Failure to Enter Satisfaction of Mortgage Judgments)

33.    The preceding allegations are incorporated herein by reference.

34.    Upon satisfaction of Plaintiff's debt to them, Defendants were required to satisfy their judgment liens against him.

35.    Despite repeated requests and demands from Plaintiff and from the Clerk of Court for Laurens County to Defendants, the Defendants failed and refused to remove from the public record the judgment liens they had against Plaintiff.

36.    Plaintiff has been damaged by the refusal of Defendants to satisfy their liens against him arising from their mortgage.

37.    Plaintiff is entitled to the sum of one half of the debt secured by the mortgage or, in the alternative, $ 25,000, plus actual damages, costs and attorney fees.

WHEREFORE, the Plaintiff prays the Court to grant him:

a) actual and consequential damages sufficient to compensate him for the wrongs committed against him by Defendants;

b) punitive damages for the torts committed against him;

c) treble damages for the Defendants' unfair trade practices;

d) the lesser of $ 25,000 or one half of the amount secured by Defendants' judgments;

e) pre-judgment interest;

f) the costs of this action, including a reasonable fee for his attorney;

g) a mandatory injunction requiring the Defendants to cancel and remove all their judgments against Plaintiff from the public record;

h) a mandatory injunction requiring the Defendants to communicate with the major credit reporting agencies to repair Plaintiff's credit; and

i) such other and further relief as may be just and equitable.


COX & FERGUSON
Attorneys for the Plaintiff


By: _____
        John R. Ferguson
        S.C. Bar No. 1987
107 E. Laurens St. - P.O. Box 286
        Laurens, S.C. 29360
        (864) 984-2126

April ___1___, 2009

EXHIBIT A

STATE OF SOUTH CAROLINA )

COUNTY OF HORRY )

Wachovia Bank, N.A., )

Plaintiff )

Vs. )

Steven C. Wright and Peter M. Revis )

Defendant )

IN THE COURT OF COMMON PLEAS

Civil Action No. = 02-CP-26-4367

200302289 06/13/2003
TIME:11:03A
LAURENS COUNTY SC

**TRANSCRIPT OF JUDGMENT**

Jeanne J. Roberts, being duly sworn, says that she is the Clerk of Court for the court above-named and that the Plaintiff(s) above-named obtained Judgment against the Defendant in the above action, said Judgment having been duly and properly enrolled in the Office of the Clerk of Court for Horry County, South Carolina on and appearing as Judgment Roll Number _____.

| Names of Parties Against Whom Judgment Has Been Obtained | | Attorneys |
|---|---|---|
| Steven C. Wright and Peter M. Revis | ) | N/A |
| Names of Parties In Whose Favor Judgment Has Been Obtained | | Attorneys |
| Wachovia Bank, N.A. | ) | Warren R. Herndon, Jr. |

**Damages and Costs**

| | | |
|---|---|---|
| Amount of Judgment: | $101,634.02 | Costs: $75.00 |
| Attorney's Fees: | $7,500.00 | |
| Prejudgment Interest: | $3,814.54 | |
| Late Charges | $75.00 | |
| **Total Judgment:** | **$13,303.56** | **Plus Interest, Costs and Disbursements** |

I certify that the foregoing is a correct transcript from the Docket of Judgment kept in my office.

*Jeanne J. Roberts*

Jeanne J. Roberts .
Clerk of Court, Horry County, South Carolina

EXHIBIT B

STATE OF SOUTH CAROLINA )
)
COUNTY OF HORRY )

Wachovia Bank, N.A., )
)
            Plaintiff )
)
Vs. )
)
Steven C. Wright and Peter M. Revis )
)
           Defendant )
)
_____ )

IN THE COURT OF COMMON PLEAS
Civil Action No.: 02-CP-26-4357

BK=J2003 PG=57710
200302345 06/16/2003
TIME:11:29A
LAURENS COUNTY SC

**TRANSCRIPT OF JUDGMENT**

Jeanne J. Roberts, being duly sworn, says that she is the Clerk of Court for the court above-named and that the Plaintiff(s) above-named obtained Judgment against the Defendant in the above action, said Judgment having been duly and properly enrolled in the Office of the Clerk of Court for Horry County, South Carolina on and appearing as Judgment Roll Number _____.

| Names of Parties Against Whom Judgment Has Been Obtained | ) | Attorneys |
|---|---|---|
| Steven C. Wright and Peter M. Revis | ) | N/A |
| Names of Parties In Whose Favor Judgment Has Been Obtained | ) | Attorneys |
| Wachovia Bank, N.A. | ) | Warren R. Herndon, Jr. |

**Damages and Costs**

| | |
|---|---|
| **Amount of Judgment:** | $101,634.02 |
| **Attorney's Fees:** | $7,500.00 |
| **Prejudgment Interest:** | $3,814.54 |
| **Late Charges** | $75.00 |

Costs: $75.00

| | |
|---|---|
| **Total Judgment:** | $13,303.56 |

**Plus Interest, Costs and Disbursements**

I certify that the foregoing is a correct transcript from the Docket of Judgment kept in my office.

_Jeanne J. Roberts_
Jeanne J. Roberts
Clerk of Court, Horry County, South Carolina

EXHIBIT C

STATE OF SOUTH CAROLINA    )

COUNTY OF HORRY    )    IN THE COURT OF COMMON PLEAS
)    Civil Action No.: 02-CP-26-4357

Wachovia Bank, N.A.,    )
)
Plaintiff    )    **TRANSCRIPT OF JUDGMENT**
)
Vs.    )
)
Steven C. Wright and Peter M. Revis    )
)    BK=J2006 PG=64495
Defendant    )    200601530 05/19/2006
)    TIME:11:54A
_____    )    LAURENS COUNTY SC

Jeanne J. Roberts, being duly sworn, says that she is the Clerk of Court for the court above-named and that the Plaintiff(s) above-named obtained Judgment against the Defendant in the above action, said Judgment having been duly and properly enrolled in the Office of the Clerk of Court for Horry County, South Carolina on and appearing as Judgment Roll Number 2002-CP-26-4357.

| Names of Parties Against Whom Judgment Has Been Obtained | ) | Attorneys |
|---|---|---|
| Steven C. Wright and Peter M. Revis | ) | N/A |
| Names of Parties In Whose Favor Judgment Has Been Obtained | ) | Attorneys |
| Wachovia Bank, N.A. | ) | Warren R. Herndon, Jr. |

**Damages and Costs**

| | |
|---|---|
| **Amount of Judgment:** | $101,634.02 |
| **Attorney's Fees** | 7,500.00 |
| **Prejudgment Interest:** | 3,814.54 |
| **Costs:** | 280.00 |
| **Late Charges** | 75.00 |
| **Credit** | - 87,838.34 |
| **Total Judgment:** | $25,465.22 |

**Plus Interest, Costs and Disbursements**

I certify that the foregoing is a correct transcript from the Docket of Judgment kept in my office.

_Melanie Huggins_
Melanie Huggins
Clerk of Court, Horry County, South Carolina

EXHIBIT D

726 Exchange Street, Suite 700
Buffalo, NY 14210
Tel: ( 877)-631-0041 ext 5335
Fax: (877)-844-0766

# Capital Management Services, L.P.

Peter M. Revis                                           September 3, 2007
763 Brook Rd.
Clinton, SC 29325

Reference #:          030382341
Account #:            413220000100665 40
Current Creditor:     Resurgent Capital Services
Original Creditor:    Wachovia Bank

Total Balance:        $10,907.32

******* **Settlement Offer** ********

Dear Peter M. Revis:

On behalf of our client, Resurgent Capital Services, Capital Management Services is authorized to accept less than the full balance on the above mentioned account. The total amount of the settlement, $2000.00 is due in this office on September 3, 2007.

Upon clearance of sufficient funds, our records will be updated to reflect paid and satisfied.

You may remit this settlement payment to Capital Management Services, L.P., 700 Executive Center Dr. Ste. 300 Greenville, SC 29615

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

Thank You,

Capital Management Services, L.P.

EXHIBIT E

Office Hours:

M-Th    8am-11 pm est
Fri.      8am-10 pm est                                    April 29, 2008
Sat.      8am-4 pm  est
Sun.      9am-1 pm

726 Exchange Street, Suite 700, Buffalo, NY 14210
Toll Free: 1-800-396-0826

Peter M. Revis
763 Brook Rd.
Clinton, SC 29325

|  |  |
|---|---|
| Previous Creditor: | Wachovia Bank |
| Current Creditor: | Resurgent Capital Services, LP |
| Account # | 175738518 |
| Balance: | $9;102.07 |
| Reference # | 030382341 |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Dear Peter M. Revis:

We are in receipt of your payment (s) in the amount of $2,000, which
was received in our office on 08/31/07.

This letter serves as confirmation that as duly authorized representatives
of Resurgent Capital Services, LP, Capital Management
Services, L.P., has accepted this payment as Settlement in Full on the
above mentioned account, upon clearance of sufficient funds.

This is an attempt to collect a debt: any information obtained will be
Used for that purpose. This communication is from a debt collector.

Please see additional page for important information. We are required
under state law to notify consumers of the following rights. This list
Does not contain a complete list of the rights consumers have under
state and federal law.